<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN C. HAWKINS, : | |
| Plaintiff, : | Civil Action No.  03-3979 (JAG) |
| v. : | **OPINION** |
| UNITED STATES OF AMERICA, : | |
| Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

### INTRODUCTION

Plaintiff Brian C. Hawkins ("Plaintiff") brings this personal injury case against the United States under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C § 1346(b).  Plaintiff contends that one of Defendant's employees, Oscar Ghigliotty ("Ghigliotty"), a United States Postal Service ("USPS") delivery person, drove his truck negligently, causing it to collide with Plaintiff's vehicle.  Defendant denies any negligence and counters that Ghigliotty saw Plaintiff in the road ahead of him and came to a full stop, whereupon Plaintiff backed into his vehicle.  The parties thus disagree about who was negligent and who proximately caused the accident.  A bench trial, limited to the issue of liability, was held on June 15 and 16, 2005.  Upon hearing the evidence presented at trial, this Court finds that Plaintiff has not sustained his burden of proof of negligence, and judgment will be entered in favor of Defendant.

### BACKGROUND

The accident that gives rise to this litigation occurred on November 18, 2002, at

approximately 2:00 P.M. on Clembil Court, a cul-de-sac, where Plaintiff's home is located in Hopelawn, New Jersey. The accident involved a private vehicle operated by Plaintiff and a USPS truck operated by employee Oscar Ghigliotty.

## THE EVIDENCE AT TRIAL

A.  Plaintiff's testimony

At trial, Plaintiff testified that, just before the accident, he started to back his car out of the driveway in order to clear the way for his father's vehicle. (Tr. 24.) He slowly backed out of his driveway in order to park in front of his home. (Tr. 27.) He backed into the street from the driveway, pulled forward, and then reversed to park. (Id.) Plaintiff testified that, prior to backing down the driveway, he checked the area behind him by looking in his side mirrors and rear view mirror. (Tr. 28.)

Plaintiff stated that he backed out of the driveway, came to a stop, and pulled forward five to ten feet to get close to the curb. (Tr. 31.) He paused before reversing. (Id.) Plaintiff contradicted himself about the duration of his pause, agreeing at one point to the statement that he paused for thirty seconds to a minute, (Tr. 28), but shortly thereafter saying the opposite, that he did not pause for thirty seconds to a minute (Tr. 29), but for approximately five seconds. (Id.) During the pause, he put his car in reverse, looked behind him to make sure the way was clear, saw nothing, and reversed. (Tr. 29, 30.) He backed up slowly and then got hit. (Tr. 30.) He did not see anything before he got hit (Id.), even though he was using the rear view mirror to watch the area behind him the entire time he was in reverse. (Tr. 31.)  He also stated that he did see the truck for "maybe a second" before it hit. (Tr. 30.) He also later stated that he was looking in the outside driver's side mirror, not the rear view mirror, at the time of the accident. (Tr. 51, 52.)

At another point, he stated that he used both mirrors and "rotated back and forth" between them. (Tr. 54.)

B.  Mr. Charles Hawkins' testimony

Plaintiff's father, Mr. Charles Hawkins, testified and corroborated, in part, Plaintiff's account, although Charles Hawkins admitted that he did not see the actual impact. (Tr. 83, 85.) Charles Hawkins testified that he was putting their dog in the yard, when he turned around and saw Plaintiff back the car down the driveway. (Tr. 79-80.) Charles Hawkins testified that he saw Plaintiff move the car in reverse on the street and heard the sound of a truck engine. (Tr. 81-83.) He stated that he heard brakes screech and then heard a bang just as Plaintiff "put [the car] in reverse" and started to move. (Tr. 83.) Charles Hawkins admitted that he could not see the impact from where he was standing. (Id.)

C.  Mr. Oscar Ghigliotty's testimony

Mr. Ghigliotty testified that, on the day of the accident, he proceeded down Clembil Court at five to ten miles per hour, looking for house number 33 to make a delivery. (Tr. 121.) He admitted that he looked away from the road ahead in order to check the house numbers. (Id.) He claimed that when he looked back at the road, he observed Plaintiff's vehicle in front of him traveling in the same direction that he was. (Tr. 123, 124.) Mr. Ghigliotty stated that Plaintiff's car then stopped, and Ghigliotty responded by stopping the truck about four to five feet behind Plaintiff's car. (Id.) Plaintiff then backed up, and the car hit the USPS truck. (Tr. 124.)

Defendant introduced into evidence a photograph from the accident scene. (Def.'s Ex. 3.) The photograph shows the vehicles side by side, and demonstrates that the vantage point of the truck's operator was a few feet higher than that of the car's driver. (Id.)

3

## DISCUSSION

Plaintiff was not credible as a witness. He gave inconsistent testimony on several important points. Most notably, he contradicted himself on the key point of how long he paused – the time period during which he claimed to have checked the area behind him – before moving the car in reverse, just before the collision. Moreover, his account of what occurred in between going into reverse and the collision appears contradictory as well: Plaintiff testified both that he used his rear view mirror to observe the area to the rear of his vehicle the entire time that he was backing up to park, and that he never saw the truck until it hit him. These cannot both be true. His testimony as to which mirror he was using at the moment of impact was inconsistent as well. This Court determines that, because Plaintiff was not a credible witness, his testimony is given little weight as evidence of Ghigliotty's fault.

The testimony of Plaintiff's father does little to establish the fault of either party, as Mr. Charles Hawkins admitted that he did not observe the accident. The Court finds the testimony of Mr. Ghigliotty credible, and accords it substantial weight. Furthermore, the evidence showed that the driver's seat was elevated, and so the driver of the truck was more likely to have had a clear view of the other vehicle.

## FINDINGS OF FACT

Having heard the trial testimony of Mr. Brian Hawkins, Mr. Charles Hawkins, and Mr. Oscar Ghigliotty, the Court now makes the following findings of fact and conclusions of law:

1. The accident that gives rise to this litigation occurred on November 18, 2002, at approximately 2:00 P.M. Oscar Ghigliotty was employed by the United States Postal Service. While acting within the scope of his employment as a delivery person, he drove

       a USPS vehicle onto Clembil Court in Hopelawn, New Jersey, to deliver a parcel.

2. The weather was clear and sunny. The road was dry.

3. At the time of the accident, Plaintiff resided at 29 Clembil Court. Clembil Court is a cul-de-sac.

4. The vehicle operated by Mr. Ghigliotty was a two-ton truck of the box truck body type, used by USPS for delivery of parcels. It has standard left-hand drive. The driver's seat is at a level elevated over the level of the seat of a passenger car driver.

5. The brakes on the USPS truck Mr. Ghigliotty operated were noisy and made a screeching sound whenever the vehicle stopped.

6. Mr. Ghigliotty drove down Clembil Court at ten to fifteen miles per hour, looking for house number 33, in order to make a delivery.

7. Plaintiff backed his car out of the driveway onto Clembil Court, moved forward in the street, and then reversed direction to park in front of his house.

8. The two vehicles collided.

9. Plaintiff was not credible as a witness and the Court gives little weight to his testimony about the accident.

10. Mr. Charles Hawkins did not observe the accident.

11. Mr. Ghigliotty was credible as a witness and his testimony does not support a finding that he was negligent.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1346(b), since the United States is the defendant and Plaintiff alleges a negligent act on the part of a

government employee acting within the scope of his employment. The FTCA provides a remedy against the United States for injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(a). In analyzing this claim, this Court must apply the law of the place of the occurrence, New Jersey.

2. In order to prevail, Plaintiff bears the burden of proving negligence on the part of the defendant. Buckelew v. Grossbard, 87 N.J. 512, 525 (1981). "The plaintiff must introduce evidence which provides a reasonable basis for the conclusion that it was more likely than not that the negligent conduct of the defendant was a cause in fact of the injury." Fedorczyk v. Caribbean Cruise Lines, 82 F.3d 69, 74 (3d Cir. 1996) (applying New Jersey law).

3. "Negligence is the failure to use that degree of care, precaution and vigilance which a reasonably prudent person would use under the same or similar circumstances. It includes both affirmative acts which a reasonably prudent person would not have done and the omission of acts or precautions which a reasonably prudent person would have done or taken in the circumstances." N.J. Model Civil Charges 5.10. "As the danger becomes greater, the actor is required to exercise caution commensurate with it." Harpell v. Pub. Serv. Coord. Transp., 20 N.J. 309, 316 (1956).

4. Plaintiff has not introduced sufficient evidence to provide a reasonable basis for the conclusion that it was more likely than not that the negligent conduct of Mr. Ghigliotty was a cause in fact of the accident.

5. Plaintiff has not met his burden of proof of negligence on the part of Defendant or

6

>Defendant's employee.

6. Judgment shall be entered in favor of Defendant.

An appropriate Order is attached.

>S/Joseph A. Greenaway, Jr.
>JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: February 21, 2006